WO                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Gonzales, | No. CV 21-00344-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Stephen Smith, et al., | |
| Defendants. | |

Plaintiff Robert Gonzales, who appears to be confined in the Arizona Department of Corrections,[1] has filed, through counsel, a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and paid the filing fee. The Court will order Defendants to answer the Complaint.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

---

[1] *See* https://corrections.az.gov/public-resources/inmate-datasearch, (search "Number Search" for "201977" and click on hyperlink for "Inmate Full Information") (last visited Mar. 14, 2021).

TERMPSREF

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

**III.    Complaint**

Plaintiff names Peoria Police Officer Stephen Smith, Unknown Jane Doe Smith, the City of Peoria, and John and Jane Doe Supervisors as Defendants in his two-count Complaint. Plaintiff seeks money damages.

Plaintiff alleges that on March 2, 2019, Peoria Police Officers responded to a burglary call. Defendant Smith encountered Plaintiff, who ran from Smith. Defendant Smith chased Plaintiff with a police canine, released the canine, and commanded the canine to bite Plaintiff. Plaintiff asserts the dog caught him, pulled him to the ground, and began to viciously bite him. Plaintiff alleges Defendant Smith allowed the canine to continue biting Plaintiff's arm, while Plaintiff was helpless and subdued. Plaintiff contends Defendant Smith "allowed his police canine to continue biting Plaintiff's arm beyond that which was necessary to apprehend and detain Plaintiff and this unnecessary use of force was unreasonable." Plaintiff also claims that his movements, as he lay on the ground, were

"merely in reaction to the severe pain caused by the dog's teeth ripping open Plaintiff's flesh."

In Count One, Plaintiff alleges Defendant Smith violated his Fourth Amendment rights by using unreasonable, unnecessary, and excessive force against Plaintiff.

In Count Two, Plaintiff alleges Defendants John or Jane Doe Supervisors "have long been on notice and had knowledge of the dangerous and unconstitutional conditions that led to the violations Plaintiff's constitutional and civil rights," but were deliberately indifferent "in the screening, hiring, retention, training, and supervision of Police personnel, employees, and agents, including [Defendant] Smith in this case." Plaintiff alleges Defendants John or Jane Doe Supervisors knowingly accepted "formal and informal Police policies or customs," condoned indifference to detainee's physical condition, and the use of excessive force, "such that death and/or bodily harm to citizens was likely to occur in a manner similar to that of Plaintiff."

**IV.     Claims for Which an Answer will be Required**

Plaintiff has adequately stated a Fourth Amendment excessive force claim in Count One against Defendant Smith, and Fourteenth Amendment claims in Count Two against Defendants John or Jane Doe Supervisors for failure-to-train and maintaining customs or practices of using excessive force. The Court will require Defendant Smith to Answer Count One of the Complaint.

Although Plaintiff has stated a claim against Defendants John or Jane Doe Supervisors, the Court will not require service on Defendant Supervisors at this time. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 120 days in which to discover the actual names of Defendants Supervisors, through subpoena or otherwise, and to substitute the Defendants' actual names

by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163. The Court may dismiss without prejudice Defendants Supervisors if Plaintiff fails to timely file a notice of substitution unless Plaintiff seeks and is granted an extension of time.

**IT IS ORDERED:**

(1) Within 120 days from the filing date of this Order, Plaintiff must file a "Notice of Substitution," substituting Defendants Supervisors' actual names. The Court may dismiss without prejudice Defendants Supervisors if Plaintiff fails to timely file a notice of substitution unless Plaintiff seeks and is granted an extension of time.

(2) Plaintiff must either serve each Defendant or seek a waiver of service for each Defendant.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m).

(4) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(5) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(6) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(7) This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

Dated this 16th day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

TERMPSREF

- 4 -